IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NEUMANN HOMES, INC., <u>et</u> <u>al.</u>,<br><br>　　　　　Debtors. | Chapter 11<br>Case No. 07-20412<br>(Jointly Administered)<br><br>Hon. Eugene R. Wedoff |

## INDYMAC'S CONDITIONAL OBJECTION TO CHAPTER 11 PLAN

IndyMac Ventures, LLC ("IndyMac") objects—conditionally—to Debtors' proposed Chapter 11 Plan ("Plan"). As and for its Objection, IndyMac states as follows:

1. When last before this Court, IndyMac believed it had an agreement with the Debtors on the material terms of the settlement embodied in §14.1 of their proposed Plan. [Docket #2052, at 48-50]  However, upon prompt review of the Plan Exhibits once they became available, IndyMac recognized that there may be one or more inconsistencies between what the Debtors and IndyMac view the business deal between them to be.  The Debtors and IndyMac have been discussing these issues but as of the time of the filing of this Objection, have not been able to come to a complete meeting of the minds.

2. Moreover, anticipated or already-filed objections by other parties raise a concern to IndyMac that the Debtors may seek to mollify these other parties by agreeing to changes to the Plan that would be unacceptable to IndyMac.

3. Stated below are certain legal, equitable and procedural deficiencies in the Plan that would be unacceptable to IndyMac if the business issues noted above cannot be resolved. IndyMac will withdraw this Objection if and when these issues are resolved.

### I. LEGAL IMPEDIMENTS TO CONFIRMATION

#### A. *The Plan Fails to Satisfy the Requirements of Bankruptcy Code §§ 1123(a)(7) and 1129(a)(5)*

4. Bankruptcy Code §1123(a)(7) requires that a plan "contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan." This provision is supplemented by §1129(a)(5), which directs the scrutiny of the court to the methods by which the management of any successor to a debtor is to be chosen. The purpose of §1129(a)(5) is to provide adequate representation of those whose financial interests are supposed to be protected by such management. *See* 7 Lawrence P. King, et al., Collier on Bankruptcy ¶ 1123.01[7], at 1123-15 (15th ed. rev. 1999).

5. Under the Plan, a Liquidation Trust will be overseen by a Liquidation Trust Administrator ("Administrator"), answerable to a Liquidation Trust Advisory Board ("Advisory Board"). Both the Administrator and Advisory Board members (*see* Plan §§ 13.1, 13.4) are to be appointed by the Debtors and the Committee. This raises a number of concerns. For example:

- Is there a need for an Advisory Board *and* an Administrator?

- How much will this structure cost?

- Should the Debtor and the Committee have the authority to choose the individuals who will serve, particularly since these individuals will be charged with review of fee applications?

6. The "upshot" of these provisions will be a costly post-confirmation regime.

7. As of the date of this Objection, the Debtors still have not revealed whom they and the Committee intend to select as the Administrator or as Advisory Board members. It is IndyMac's understanding that the Debtor and the Committee may have already selected an Administrator who resides and offices in New York. If its understanding is correct, IndyMac

seriously questions whether the decision to hire someone who would need to travel by airplane to attend court satisfies the goals of §§ 1123(a)(7) and 1129(a)(5). Regardless, failure to disclose the identity of the individuals likely to be selected as Administrator and Advisory Board members is—in and of itself—a basis for denying confirmation.

### B. The Plan Fails to Satisfy the "Best Interests of Creditors" Test Under Bankruptcy Code §1129(a)(7)

8. Bankruptcy Code §1129(a)(7)—the "best interests of creditors test"—requires that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class under the Plan on account of such claim or interest:

    (i) has accepted the Plan; or

    (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under Chapter 7 of this title on such date.

9. The best interests test applies to individual dissenting creditors rather than classes of claims. *See Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 LaSalle St. Partnership,* 526 U.S. 434 (1999). The best interests test for dissenting holders of claims or interests is generally satisfied through a liquidation/recovery analysis. *In re A.G. Consultants Grain Div., Inc.*, 77 B.R. 665 (Bankr. N.D. Ind. 1987).

10. The test requires that each holder of a claim or equity interest accept the Plan or receive or retain under the Plan property having a present value, as of the effective date of the Plan, not less than the amount such holder would receive or retain if the debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

11. Under the best interests test, the court must find that each impaired creditor will receive or retain value that is not less than the amount he would receive if the debtor were liquidated. *See 203 North LaSalle St. Partnership,* 526 U.S. at 440.

12. Section 1129(a)(7) makes clear that the test applies only to non-accepting impaired claims or equity interests. If a class of claims or equity interests unanimously accepts the Plan, the best interests test is deemed satisfied for all members of that class. Likewise, if a claimant is unimpaired, the best interest test need not be satisfied as to that creditor.

13. IndyMac (as of the time of the drafting of this Objection) intends to deliver a vote to reject the Plan in its capacity as a Class 1(f) claim. Debtors potentially may dispute IndyMac's right to vote in this capacity, arguing IndyMac is unimpaired. For reasons stated in its 3018 Motion [Docket # 2099] for temporary allowance of its claims, IndyMac believes it has the right so to vote. Regardless, IndyMac also intends to deliver a vote to reject in its capacity as a holder of a Class 4 claim. So the test applies to protect IndyMac in at least this capacity.

14. Rather than provide a proper liquidation analysis, the Disclosure Statement's discussion of the test consists of nothing more than a few sentences, some of which are conclusory, some of which are baseless, some of which are both—and none of which is supported by any financial data. *See* Disclosure Statement [Docket # 1846] at 53.

15. Indeed, one of the only specific arguments the Debtors make (although they have produced no evidence in support of this argument) is that the fees associated with a Chapter 7 trustee will exceed the costs of administering the estates under the structure that the Plan would create. This argument seems particularly weak, if not implausible, considering the post-confirmation governance structure described above.

16. IndyMac demands strict proof that the best interests test is satisfied as to it and requests that an evidentiary hearing be scheduled (after pre-hearing production of evidence) so

4

that IndyMac may be afforded an appropriate opportunity to challenge whatever evidence the Debtors rely on.

### C. The Plan Fails to Satisfy the Requirements of Bankruptcy Code §1129(a)(8)

17. Bankruptcy Code § 1129(a)(8) requires that each class of claims or interests must either accept a plan or be unimpaired under a plan. Pursuant to §1126(c), a class of impaired claims accepts a plan if holders of at least two-thirds in dollar amount and more than one-half in number of the claims in that class actually vote to accept the plan.

18. IndyMac's Class 1(f) secured claim is impaired for the reasons stated in IndyMac's 3018 Motion. Assuming the Court permits IndyMac to vote its secured claim, the Debtors will likely argue that the Plan may be crammed down on IndyMac notwithstanding the non-satisfaction of Bankruptcy Code §1129(a)(8). In this event, IndyMac would request the Court set a further briefing schedule and evidentiary hearing on the issue of whether the Plan can in fact be crammed down on IndyMac pursuant to §1129(b).

### D. The Plan is Unlikely to Pay Administrative Claims in Full, and Thereby Would Not Satisfy the Requirement of Bankruptcy Code §1129(a)(9)

19. Bankruptcy Code §1129(a)(9) will not be satisfied if a holder of an administrative claim is not paid in full on the Effective Date and has not agreed to such non-payment. Discussions with other creditors leads IndyMac to believe the Plan will not satisfy this requirement.

### E. The Plan is Unlikely to Satisfy the Bankruptcy Code §1129(a)(10) Requirement That at Least One Impaired Class Has Accepted the Plan

20. Bankruptcy Code §1129(a)(10) requires acceptance of the Plan by all impaired classes. IndyMac has voted its $30 million unsecured deficiency claim to reject the Plan. This

may or may not cause Class 4 creditors to reject Plan, which would thereby fail to garner the acceptance of at least one impaired class. In this event, §1129(a)(10) would not be satisfied.

### F. The Record Lacks Evidence Warranting Substantive Consolidation of the Debtors

21.     The Plan is also not confirmable because Plan §7.1 provides for, and the Plan is predicated on, the substantive consolidation of the various Debtors. The problem here is that the Debtors have provided no evidence that the prerequisites for substantive consolidation are present in these cases.

22.     The great weight of case law that holds substantive consolidation to be an extraordinary remedy. In *Augie/Restivo*, for example, the Second Circuit reviewed two decades' worth of precedent and synthesized the holdings and analyses found in those cases to produce a binary test for imposing substantive consolidation between two bankruptcy proceedings. Under that test, substantive consolidation is appropriate either (1) where creditors dealt with the entities as a single economic unit and did not rely on their separate identities in extending credit; or (2) where the affairs of the debtors are so entangled that consolidation will benefit all creditors. *See In re Augie/Restivo Baking Company, Ltd.*, 860 F.2d 515, 518 (2nd Cir. 1988). Here, neither the Debtors' Plan nor their Disclosure Statement refers to any suggestion that either of the foregoing *Augie/Restivo* conditions have been met.

## II. EQUITABLE REASONS TO DENY CONFIRMATION

23.     IndyMac previously filed a motion seeking to convert these cases to Chapter 7 [Docket # 2038] and, by separate pleading, will renew that request.[1]

---

[1] Upon reaching an agreement in principal on settlement terms (which are not accurately reflected in the Debtors' proposed Plan and Plan Exhibits), IndyMac withdrew its Motion to Convert without prejudice at the Debtors' request with the specific understanding that failure of the Debtors and IndyMac to finalize settlement terms in conformity with their agreement in principal would result in renewal of IndyMac's Motion to Convert.

24. The basis for conversion, however, is relevant to this Objection. Succinctly stated, the Plan brings no closure and no other benefit for any party in these bankruptcy cases except the professionals involved. For example:

- Plan § 5.2 provides that unsecured creditors' distributions come only from "Liquidation Trust Plan Distribution Property." This, in turn, consists of: (a) "Liquidation Trust Recoveries; and (b) "Liquidation Trust Assets." As one traces though the definitions of these two terms, one can see that they encompass a very limited set of assets.

    o More specifically, Liquidation Trust Recoveries means any proceeds received by the Liquidation Trust from the prosecution of Liquidation Trust Claims. Liquidation Trust Claims, however, specifically *exclude* all claims that are released under the KPN Settlement Agreement, the Plan, or other Bankruptcy Court-approved settlements.

    o Similarly, the term Liquidation Trust Assets seems to be defined in a way that excludes more than it includes. For example, all proceeds recovered before the Effective Date from Prepetition Lenders, from the KPN Payments, and all cash on hand as of the Effective Date will not be transferred to the Liquidation Trust but, instead, will remain property of the Debtors' Estates.

    o It appears that all the funds that remain property of the Debtors' Estates will be used to pay Professional Fees and/or Deferred Professional Fees.

- Plan § 13.5 provides that even the limited set of assets that constitute Liquidation Trust Distribution Property will not be fully available for distribution to unsecured creditors:

    o Liquidation Trust Distribution Property[2], as is customary, will be used to satisfy Liquidation Trust Expenses first.

    o Money borrowed under the Liquidation Trust Agreement will be repaid second (this raises a separate question as to why any money should be borrowed in the first place).

    o Third, of every dollar that is left over after the payments described above, .80 cents will go to pay Holders of Allowed General Unsecured Claims and .20 cents will be to pay Professional Fee Claimants their Deferred Professional Fees, until Professional Fee Claimants are paid all Allowed Deferred Professional Fees in full.

---

[2] The Plan seems to contain a typo in that it refers to Liquidation Trust Recoveries in the title of § 13.5 but refers to Liquidation Trust Distribution Property in the accompanying text.

7

25.     And as discussed above, the overseeing of the Liquidation Trust by a Liquidation Trust Administrator, answerable, in turn, to a Liquidation Trust Advisory Board, is certain to be unnecessarily expensive.

### III. OTHER ISSUES THAT WILL REQUIRE AN EVIDENTIARY HEARING

26.     The Plan contains at least two additional provisions involving issues that, procedurally, should be resolved as a precondition to confirmation.  For example:

- Debtors assert potential claims under Bankruptcy Code § 506(c) (*see* Plan § 5.1(f), at 26 and 7.11, at 29); and

- Debtors assert that certain collateral that is clearly IndyMac's collateral is not in fact IndyMac's collateral (*see* Plan § 1.1(d) definition of "IndyMac Collateral", at 11-12).

Moreover, it appears that any recoveries by the Debtors by virtue of the above will inure to the direct benefit of the Professionals rather than to unsecured creditors. In any event, IndyMac believes that the costs associated with the post-confirmation governance structure contemplated by the Plan will be exceedingly high.[3]

27.     As stated above, IndyMac believed it had a deal with the Debtors until a few days ago.  The time IndyMac had to prepare this Objection was consequentially limited.  Therefore, to the extent permitted by the Court, IndyMac reserves any right it may be afforded to amend this Objection prior to and/or make additional arguments at the confirmation hearing.

---

[3] IndyMac reviewed various fee applications to try to get a sense of total fees and expenses presently being sought in these cases.  Paul Hastings requested a total of $639,222.66 for work done through June 30, 2009, and was paid $345,419.43 of that amount.  Skadden requested a total of $ 2,369,874.00 for work done through  October 31, 2008 and was paid $1,878,734 of that amount.  UHY was paid a total of $1,082,228 for work done through May 31, 2008 and was paid $1,070,005 of that amount.  It appears that Paul Hastings has not filed a fee application seeking approval of compensation for work done after June 30, 2009.  It appears that Skadden has not filed a fee application seeking approval of compensation for work done after  October 31, 2008, though it recently estimated the amount of money it is owed for such work through the Effective Date to be $550,000.  Thus, Skadden appears to be owed a total of about $1 million in addition to what it has already been paid. It appears that UHY has not filed a fee application seeking approval of compensation for work done after May 31, 2008 (UHY's fee application that was filed on July 2, 2008 [Docket # 1028] was captioned as a "final fee application").

**FOR ALL OF THE REASONS SET FORTH ABOVE,** in the event it is unable to resolve with the Debtors certain business issues on which completion of their settlement depends, IndyMac Ventures, LLC requests that the Court deny confirmation of the Debtors' proposed Chapter 11 Plan.

Dated: January 19, 2010

                                        Respectfully submitted,

                                        /s/ Jonathan P. Friedland
                                        Jonathan P. Friedland (ARDC #6257902)
                                        Levenfeld Pearlstein, LLC
                                        2 North LaSalle Street, Suite 1300
                                        Chicago, IL 60602
                                        Tel: (312) 476-7598
                                        Fax: (312) 346-8434
                                        *Counsel for IndyMac Ventures, LLC*

**CERTIFICATE OF SERVICE**

I, Jonathan P. Friedland, hereby certify that on January 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF Participants:

David S Adduce    dadduce@komdr.com
Beverly P. Alfon    balfon@baumsigman.com, dfarrell@baumsigman.com
Margaret M Anderson    panderson@fhslc.com, cjelks@fhslc.com;kmarietta@fhslc.com;acotter@fhslc.com
Steven E Anderson    sanderson@btlaw.com, KBRUHNKE@BTLaw.com
George P Apostolides    gpapostolides@arnstein.com
Brian A. Audette    baudette@perkinscoie.com
J. Douglas Bacon    douglas.bacon@lw.com, chefiling@lw.com
David W Baddley    baddleyd@gtlaw.com, powelly@gtlaw.com
Paige E Barr    paige.barr@kattenlaw.com
Richard M Bendix    rbendix@dykema.com, nrakunas@dykema.com
Edwin E Brooks    ebrooks@mcguirewoods.com, dklebek@mcguirewoods.com
Abraham Brustein    abrustein@dimonteandlizak.com
Daniel E Budorick    dbudorick@pecklaw.com, lbarker@pecklaw.com;acustardo@pecklaw.com
Amy E Bullock    abullock@cohonraizes.com
Alice D. Burke    alice.burke@lw.com, chefiling@lw.com
Judy B Calton    jcalton@honigman.com
Kurt M Carlson    kcarlson@muchshelist.com, dmyer@muchshelist.com
Mark J. Carroll    carrollmark@ameritech.net
Barry A Chatz    bachatz@arnstein.com
John J Chitkowski    jjc@chitkowskilaw.com, jennifer@chitkowskilaw.com
Rosanne Ciambrone    rciambrone@duanemorris.com
Scott R Clar    sclar@craneheyman.com, mjoberhausen@craneheyman.com;asimon@craneheyman.com
Robert Clark    rclark@douglas.co.us
Patrick A Clisham    patrickclisham@hotmail.com
Christopher Combest    ccombest@quarles.com, Faye.Feinstein@quarles.com
William J Connelly    wconnelly@hinshawlaw.com
Faith Dolgin    faith.dolgin@illinois.gov
Bruce Dopke    bruce@dopkelaw.com
Brian M. Dougherty    bmd@gsrnh.com
Dennis A Dressler    ddressler@dresslerpeters.com
Kevin C. Driscoll    kevin.driscoll@btlaw.com, kathy.bruhnke@btlaw.com
Timothy D. Elliott    telliott@rathjewoodward.com, nwood@rathjewoodward.com
Earle Erman    eerman@ermanteicher.com, deisenberg@ermanteicher.com
Earle I Erman    , deisenberg@ermanteicher.com
John F. Etzkorn    johnetz@aol.com
Terence M Fenelon    tmf523@comcast.net
Michelle J Fisk    michelle.fisk@icemiller.com, michelle.fisk@icemiller.com
Amy Galvin-Grogan    kim@garellilaw.com
Vipin R Gandra    vipingandra@yahoo.com
Alan Garrow    agarrow@nealisgarrow.com
Eugene J Geekie    egeekie@schiffhardin.com
Daniel L Giudice    dan1413@aol.com, giudicelaw@gmail.com
Richard N Golding    rgolding@goldinglaw.net
Gary E. Green    ggreen@clarkhill.com, jfelker@clarkhill.com

Perry Grimaldi     perry@perrygrimaldi.com
Robert T Hanlon     rob@rhanlonlaw.com
Samuel G. Harrod     sharrod@mpslaw.com
David S. Heller     david.heller@lw.com, chefiling@lw.com
Donna R Henderson     donna@hendersonandhendersonlaw.com
Christopher P Hughes     chughes@gwclaw.com
Scott E Jensen     sjensen@mjwchicago.com
Jennifer L Johnson     jjohnson@zcwlaw.com, vblazina@zcwlaw.com
Lisa D. Johnson     lisa.johnson@hklaw.com
Ronald J. Kapustka     rkapustka@ksnlaw.com
Alexander D Kerr     akerr@tishlerandwald.com, bmurzanski@tishlerandwald.com
Peter P Knight     peter.knight@lw.com, chefiling@lw.com
Michelle M Kohut     mmk@corboydemetrio.com, sdudak@corboydemetrio.com
Robert J. Labate     robert.labate@hklaw.com
Richard G Larsen     rglarsen@mrmlaw.com
Richard S Lauter     rlauter@freebornpeters.com, bkdocketing@freebornpeters.com;pscott@freebornpeters.com
Ryan O. Lawlor     r_lawlor@vedderprice.com, ecfdocket@vedderprice.com
Joanne Lee     jlee@foley.com
Joy E Levy     jelevy@arnstein.com, joyelevy@yahoo.com
Colleen M Loftus     cloftus@loftusloftus.com
Patrick J. Mazza     pmazza810@aol.com, schodera@mcminc.net
James M McArdle     jmcardle@skcounsel.com
Harold E. McKee     hmckee@rmp-llc.com
Daniel E McKenzie     dmckenzie@burgsimpson.com
Colleen E McManus     cmcmanus@muchshelist.com
G. Alexander McTavish     alexmctavish@mrmlaw.com
Lawrence R Moelmann     lmoelmann@hinshawlaw.com
Sherri Morissette     morissettes@gtlaw.com, rodriguezeli@gtlaw.com
Christopher B. Morozin     cmorozin@sjtpom.com
Jill L Murch     jmurch@foley.com, rbressler@foley.com
Lauren N. Nachinson     Lauren.Nachinson@quarles.com, Faye.Feinstein@quarles.com
William T Neary     USTPRegion11.ES.ECF@usdoj.gov
David A. Newby     dnewby@jnlegal.net, cjohnson@jnlegal.net
Norman B Newman     nnewman@muchshelist.com
Richard T. Niemerg     rniemerg@rolaw.net
Joel H Norton     jnorton@rss-chtd.com, dcasey@rss-chtd.com;jtolemy@rss-chtd.com;jobereiner@rss-chtd.com;vkingsley@rrs-chtd.com
Monica C O'Brien     gstern1@flash.net
Gregory Otsuka     gregoryotsuka@paulhastings.com, ruthrosen@paulhastings.com
George Panagakis     gpanagak@skadden.com, stwillia@skadden.com;pkrebs@skadden.com;mmirkovi@skadden.com;jpfleege@skadden.com;mcampana@skadden.com;eric.howe@skadden.com;mark.rakoczy@skadden.com
Nancy A Peterman     petermann@gtlaw.com, carlsonk@gtlaw.com;greenbergc@gtlaw.com;ostrowe@gtlaw.com;lowena@gtlaw.com;bloomw@gtlaw.com;heyens@gtlaw.com
Ann E Pille     ann.pille@dlapiper.com, apille@reedsmith.com
John F. Pollick     jpollick@mcguirewoods.com
Mark L Radtke     mradtke@shawgussis.com, dkrasa-berstell@akingump.com
Douglas Rallo     rallolaw@yahoo.com
Michael L Ralph     mralph@rss-chtd.com, vkingsley@rrs-chtd.com;dcasey@rss-chtd.com;jtolemy@rss-chtd.com;jobereiner@rss-chtd.com

John M. Riccione     jriccione@agdglaw.com
Robert E Richards     rrichards@sonnenschein.com, NDIL_ECF@sonnenschein.com
Cornelius F Riordan     criordan@rmp-llc.com
Jeffrey B Rose     jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
George Rosenberg     grosenberg@co.arapahoe.co.us
John C Ruddy     jruddy@rmklawfirm.com, lincoln@rmklawfirm.com
Michael M Schmahl     mschmahl@mcguirewoods.com, docket@mcguirewoods.com;cgunderson@mcguirewoods.com
David J Schwab     djschwab@rss-chtd.com, vkingsley@rrs-chtd.com;dcasey@rss-chtd.com;jtolemy@rss-chtd.com;jobereiner@rss-chtd.com
John E. Sebastian     jsebastian@hinshawlaw.com, sedelmaier@hinshawlaw.com
Robert V. Shannon     robert.shannon@klgates.com, chicago.docket@klgates.com
Brian L Shaw     bshaw100@shawgussis.com, bharrington@shawgussis.com
Peter A Siddiqui     peter.siddiqui@kattenlaw.com
Michael J. Small     msmall@foley.com, khall@foley.com
Morgan M. Smith     mmsmith@dykema.com, truckman@dykema.com
Mark J Stauber     markjslaw@aol.com, stauberlaw@comcast.net
Miriam R. Stein     mrstein@arnstein.com
Gregory K Stern     gstern1@flash.net, steve_horvath@ilnb.uscourts.gov
Douglas J Sury     doug@keaycostello.com
Pia N Thompson     pthompson@ksnlaw.com
Mark Van Donselaar     mvandonselaar@grayslakelaw.com
Jon C Vigano     jvigano@schiffhardin.com, edocket@schiffhardin.com;dgordon@schiffhardin.com
Michael B Weininger     mweininger@lw-llp.com, cpotter@lw-llp.com
John R Weiss     jrweiss@duanemorris.com
Ariel Weissberg     ariel@weissberglaw.com, Hava@weissberglaw.com
Andrew E Weissman     andrew.weissman@dbr.com
Stephen D Williamson     stwillia@skadden.com, rjacobs@ecf.epiqsystems.com
John P Wise     jwise@jolietcity.org
Stephen G Wolfe     USTPRegion11.es.ecf@usdoj.gov, steve.g.wolfe@usdoj.gov;jennifer.r.toth@usdoj.gov
Zhiyuan Xu     mxu@schiffhardin.com
Barbara L Yong     blyong@golanchristie.com
Daniel A Zazove     docketchi@perkinscoie.com
James P. Ziegler     jziegler@spklaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants as indicated on the attached Service List.

/s/ Jonathan P. Friedland
Jonathan P. Friedland (ARDC #6269772)
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, IL 60602
Tel: (312) 476-7598
Fax: (312) 346-8434
*Counsel for IndyMac Ventures, LLC*

## U.S. MAIL SERVICE LIST

Atradius Trade Credit Insurance Inc
5026 Campbell Blvd Suite C
Baltimore, MD 21236

Allison R Bach
Dickinson Wright PLLC
500 Woodward Ave
Detroit, MI 48226

Shawn A. Cinnamon
38172 N. Manor Avenue
Beach Park, Il 60087-1631

Warren E Crabill
Crabill & Crabill, Ltd
123 Water Street
Naperville, IL

Matthew T Ferris
Winstead PC
1201 Elm Street, Suite 5400
Dallas, TX 75270

Christopher J Forsyth
 500 W Big Beaver Road
Troy, MI 48084

Britt Isaly
140 S Dearborn St Sixth Flr
Chicago, IL 60603

Keating & Shure Ltd
Keating & Shure Ltd
150 N Wacker Ste 1550
Chicago, IL 60606

Phillip L Lamberson
Winstead PC
1201 Elm Street, Suite 5400
Dallas, TX 75270

LandCap Partners
c/o Mr Tony Bains
2000 Avenue of the Stars, Suite 1020
Los Angeles, CA 90067

Ralph E McDowell
Bodman LLP
1901 St Antoine Street
6th Floor at Ford Field
Detroit, MI 48226

Jeffrey B Miller
Carson Fischer, PLC
4111 Andover Road West 2nd Floor
Bloomfield Hills, MI 48302-1924

Neumann Homes of Colorado, LLC;
4355 Weaver Parkway, Suite 1070
Warrenville, IL 60555

Ocean Atlantic/PFG-Southbury, LLC
1800 Diagonal Road Suite 350
Alexandria, VA 22314-2842

Shari L Pollesch
Burchfield, Park & Pollesch,PC
225 E Grand River Ave Ste 203
Brighton, MI 48116

Ron Saxbury
11402 S Trailmaster Cir
 Parker, CO 80134

Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Dr, Suite 2100
Chicago, IL 60606-1285

Travelers National Accounts
1 Tower Square 5MN
Attn Scot Freeman
Hartford, CT 06183-4044


Williams Scotsman Inc.
Bankruptcy Service Center
8211 Town Center Dr
White Marsh, MD 21236