## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEUMANN HOMES, INC., *et al.,* | ) | Case No. 07 B 20412 through 07 B 20417, and |
| | ) | 07-21468 through 07-21470 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Hearing: January 27, 2010 at 10:00 a.m. |
| _____ | ) | |

### OBJECTION OF WELLS FARGO BANK, N.A.,
### AS TRUSTEE, TO DEBTORS' JOINT PLAN OF LIQUIDATION

Wells Fargo Bank, N.A., as Trustee (the "**Bond Trustee**"), by and through its attorneys,

Greenberg Traurig LLP, hereby submits this objection to the *Debtors' Joint Plan of Liquidation*

dated December 11, 2009 (Docket No. 2052, the "**Plan**"). In support thereof, the Bond Trustee

respectfully states as follows:

### BACKGROUND

1.      The Village of Gilberts (the "**Village**") and the Bond Trustee are parties to that

certain Trust Indenture dated December 1, 2006 (the "**Indenture**"), under which the Village

issued the Village of Gilberts, Kane County, Illinois Special Service Area Number Nineteen

Special Tax Bonds, Series 2006-1 (The Conservancy Project) (the "**SSA-19 Bonds**") in the

original principal amount of $15,000,000. Payment of the SSA-19 Bonds is secured by, without

limitation, certain special service area taxes imposed by the Village upon property within the

Village of Gilberts Special Service Area Number Nineteen (such taxes, the "**Special Service

Area Taxes;**" and such service area, "**SSA-19**") which are then used to make payments on the

SSA-19 Bonds.

*ORL 297,572,610v4*

**THE BOND TRUSTEE'S OBJECTIONS**

2.     The Bond Trustee objects to the Plan for several reasons.  First, the Plan does not clearly state that the Special Service Area Taxes shall remain obligations and liens running with the subject real property within SSA-19 following transfer under the Plan or otherwise properly protect the interests of the Village and the Bond Trustee.  Second, the Plan does not provide for the payment in full of all administrative claims.  Finally, the Plan fails to account for the interests of the Village and the Bond Trustee in the ComEd Sale Proceeds and the Farm Lease Proceeds (defined below).

**ARGUMENT**

**A.     The Plan Does Not Clearly State that the Special Service Area Taxes Shall Remain Obligations and Liens Running with the Subject Real Property within the Village of Gilberts Special Service Area Number Nineteen Following Transfer of Such Property Under the Plan or Otherwise Properly Protect the Interests of the Village and the Bond Trustee.**

3.     Pursuant to Ordinance No. 06-57 of the Village of Gilberts, the "Village of Gilberts Special Service Area Number Nineteen" was established, as described more fully in Exhibit A hereto.

4.     Pursuant to Ordinance No. 06-58 adopted on December 12, 2006 and pursuant to the Special Service Area Tax Law, 35 ILCS 200/27-5 et seq., the Village of Gilberts issued the SSA-19 Bonds and levied the Special Service Area Taxes.  These Special Service Area Taxes constitute a valid and enforceable obligation against the subject property or properties of SSA-19 pursuant to state law that cannot be altered under the Plan.  The Special Service Area Taxes run and remain with the land regardless of the treatment of such land under the Plan.

5.     Under the Plan, SSA-19 is part of the "IndyMac Collateral."  The Plan provides for the possible transfer of the IndyMac Collateral, but fails to specify that the Special Service Area Taxes will remain an obligation against the land, regardless of its eventual treatment under

2

ORL 297,572,610v4

the Plan. *See* Plan at 49 (noting the IndyMac Collateral will be transferred "subject to all valid and enforceable Claims" but not specifically noting the existence of the Special Service Area Taxes).

6.    To resolve this deficiency, the Bond Trustee proposes the below language be included in the Confirmation Order.  This language was proposed via email by the Village to Debtor's counsel on January 15, 2010:

- Certain property within the Village of Gilberts, Illinois, including without limitation the IndyMac Collateral, is subject to certain special service area taxes levied by the Village of Gilberts, Illinois, on land within the area designated as Special Service Area Number 19 and Special Service Area Number 20 (the "Special Service Area Taxes"). Any and all transfers under the Plan of real estate located within the special service areas, whether to IndyMac Bank as the Class 1-F Claimholder, to the Liquidation Trust, or otherwise, shall be subject to future and unpaid existing Special Service Area Taxes and subject to the liens of such Special Service Area Taxes.

- Nothing in Section 14.7 or any other provision of the Plan shall release, modify or otherwise impact any obligation, claim or lien, whether now existing or arising in the future, with respect to (i) special service area taxes on property located within the Village of Gilberts, including without limitation property owned by Kreutzer Road LLC,  or (ii) the Annexation and Development Agreement, the Agreement for Public Improvements between the Village of Gilberts and Neumann Homes, Inc., the Purchase and Sale Agreement dated September 15, 2006 between Neumann Homes Inc. and the Village of Gilberts, the Roadway Project Agreement dated June 8, 2007, between and among the Village of Gilberts, Dundee Consolidated School District No. 300 and Neumann Homes, Inc. and related agreements to which a Debtor or Released Party was a party, with all such claims, obligations and liens being unaffected by the Plan or any transfer of property pursuant to the Plan or earlier order of the Court.

**B.    <u>The Plan Does Not Provide for the Payment in Full of all Administrative Claims.</u>**

7.    There is currently an Allowed Administrative Claim in the amount of $1,511,228.69, exclusive of interest, penalties and taxes for the 2009 tax year, on account of the Special Service Area Taxes on the IndyMac Collateral located within the Village of Gilberts, and an Allowed Administrative Claim in the amount of $35,595.20, exclusive of penalties,

3

interest taxes for the 2009 tax year on certain other collateral.  The Plan does not provide for the

payment of these Allowed Administrative Claims, which, as administrative claims, must be paid

in full for the Plan to be confirmed.  *See* 11 U.S.C. § 503(b)(1)(B)(i); 11 U.S.C. § 507(a)(2); 11

U.S.C. § 1129(a)(9)(A).  Additionally, the Plan fails to provide for the payment of the Special

Service Area Taxes on a going forward basis.  This failure impacts the feasibility of Debtor's

Plan.

        8.       To resolve this deficiency, the Bond Trustee proposes the below language be

included in the Confirmation Order.  This language was proposed via email by the Village to

Debtor's counsel on January 15, 2010:

- The Village of Gilberts has an Allowed Administrative Claim in the amount of $1,511,228.69, exclusive of penalties, interest and 2009 tax year taxes, on account of special service area taxes on the IndyMac Collateral located within the Village of Gilberts and an Allowed Administrative Claim in the amount of $35,595.20, exclusive of penalties, interest and 2009 tax year taxes, on the Guaranty Bank Collateral for the period beginning with Neumann Homes, Inc.'s Petition Date. Notwithstanding any other provision of the Plan, the Debtors shall pay this amount to the Village of Gilberts on the Effective Date. Payment of these amounts shall not release or affect any liens on the properties for pre-petition taxes, penalties, interest or 2009 and future taxes.

- Notwithstanding any other provision of the Plan, all Special Service Area Taxes on the IndyMac Collateral located within the Village of Gilberts shall be paid by not later than the last date such taxes are due and payable without penalty. The preceding sentence in no way limits the obligation to pay all Special Service Area taxes in full and on time regardless of title holder or to pay prepetition Special Service Area taxes on the IndyMac Collateral located within the Village of Gilberts which total $1,078,435.50 plus penalties and interest. If any Special Service Area Taxes are not paid as provided for above or if the pre-petition Special Service Area taxes remain past due, the Village of Gilberts and/or Kane County, Illinois, without further order of the Court, may exercise any and all remedies available to them, including without limitation selling the taxes or foreclosing on the lien for the taxes.

4

**C.**     **The Village and Bond Trustee Have an Interest in the ComEd Sale Proceeds and Farm Lease Proceeds.**

9.      On June 17, 2009, the Court approved the sale of certain easement property located in the Village to Commonwealth Edison (Docket No. 1770).  This sale resulted in certain proceeds coming into the Debtors' estate (the "**ComEd Sale Proceeds**").  This property was subject to the Special Service Area Taxes lien held by the Village securing the payment of the SSA-19 Bonds.

10.      Additionally, certain monies were paid to the Debtors by third parties in exchange for the temporary right to farm certain of the Debtors' property in the Gilberts and Mason Farm developments (the "**Farm Lease Proceeds**").  This property is subject to the Special Service Area Taxes lien held by the Village securing the payment of the SSA-19 Bonds.

11.      The ComEd Sale Proceeds and the Farm Lease Proceeds (collectively, the "**Proceeds**") are the subject of the so-called "IndyMac Settlement," under which the Debtors and IndyMac Bank, F.S.B propose to split equally the Proceeds on the Effective Date.  The Debtors estimate that the Proceeds total approximately $390,000. *See* Plan at 49.

12.      The IndyMac Settlement fails to provide for the lien held by the Village on these properties.  Pending a determination on the relative priority of the Village's lien and Indymac's Lien, it is inappropriate to disregard the Village and the Bond Trustee's interest in the property.

13.      To resolve this deficiency, the Bond Trustee proposes the below language be included in the Confirmation Order.  This language was proposed via email by the Village to Debtor's counsel on January 15, 2010:

- The Court has not determined whether the Village's tax lien or IndyMac's lien has priority with respect to the ComEd Sale Proceeds or the Farm Lease Proceeds. The Plan and the IndyMac Settlement shall not impact or otherwise affect any lien of the Village of Gilberts on the ComEd Sale Proceeds and the Farm Lease Proceeds or any further proceeds of a lease of any IndyMac Collateral. Notwithstanding any other provision of the

5

*ORL 297,572,610v4*

Plan, including without limitation Section 14.3, the Debtors shall reserve the ComEd Sale Proceeds, the Farm Lease Proceeds and any future proceeds of a lease pending a determination by the Court of the relative priority of the liens of IndyMac and the Village of Gilberts. That part of the proceeds for which the IndyMac lien has priority, if any, shall be split equally between the Debtors and IndyMac.

ORL 297,572,610v4

**WHEREFORE**, for the reasons stated above, the Bond Trustee, respectfully requests that the Court (i) include the proposed language in the Confirmation Order or, in the alternative deny confirmation of the Plan and (ii) provide such other relief as is appropriate and just under the circumstances.

Dated: January 19, 2010                    Respectfully submitted,

*/s/ Nancy A. Peterman*

Nancy A. Peterman, ARDC 6208120
Greenberg Traurig, LLP
77 West Wacker Dr., Ste. 2500
Chicago, IL 60601
Phone: 312-456-8400
Fax: 312-456-8435
Email: petermann@gtlaw.com

Warren S. Bloom
Amy E. Lowen
Greenberg Traurig, LLP
450 South Orange Avenue, Suite 650
Orlando, FL  32801
Phone: 407-420-1000
Fax: 407-420-5309
Email:  bloomw@gtlaw.com
           lowena@gtlaw.com

*ORL 297,572,610v4*

## EXHIBIT A

## TRUST INDENTURE

ORL 297,572,610v4

## CERTIFICATE OF SERVICE

I, Nancy A. Peterman, an attorney, hereby certify that on January 19, 2010, I caused a complete and accurate copy of the foregoing Objection of Wells Fargo Bank, N.A., as Trustee, to Debtors' Joint Plan of Liquidation (the "**Objection**") to be electronically filed and served via this Court's ECF System.

I further certify that the Objection was delivered via facsimile upon the following parties prior to 5:00 p.m. on January 19, 2010.

Skadden, Arps, Slate, Meagher & Flom, LLP
Attn: George Panagakis, Esq.
Attn: Stephen D. Williamson, Esq.
333 West Wacker Drive
Chicago, IL 60606-1285
Fax: 312-407-8586

The Office of the United States Trustee
Attention Steve Wolfe, Esq.
219 South Dearborn St., Room 873
Chicago, IL 60604
Fax: 312-886-5794

Paul Hastings Janofsky & Walker, LLP
Attention: Gregory Otsuka, Esq.
191 N. Walker Drive, 30th Floor
Chicago, IL 60606
Fax: 312-499-6100

Paul Hastings Janofsky & Walker, LLP
Attention: Paul Harner, Esq.
75 East 55th Street
New York, New York  10022
Fax: 212-319-4090

_/s/ Nancy A. Peterman_

*ORL 297,572,610v4*