# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 07-20412 |
| | ) Chapter 11 |
| NEUMANN HOMES, INC., et al.,[1] | ) Hon. Eugene R. Wedoff |
| | ) |
| Debtors. | ) Objection Deadline: August 30, 2013 at 4:00 p.m. |
| | ) Hearing Date: September 3, 2013 at 10:00 am. |
| | ) |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** on August 12, 2013, the liquidation trust administrator (the "Liquidation Trust Administrator") for the Neumann Homes, Inc. Liquidation Trust filed the **MOTION FOR FINAL DECREE AND ORDER CLOSING THE DEBTOR'S BANKRUPTCY CASE AND GRANTING OTHER RELATED RELIEF (the "Motion").**

**PLEASE TAKE FURTHER NOTICE THAT** any objection or response to the Motion must be filed with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") and served as to be received by the following parties no later than **August 30, 2013 at 4:00 p.m. (Central)**: (i) co-counsel for the Liquidation Trust Administrator, Skadden, Arps, Slate, Meagher & Flom LLP, 155 North Wacker Drive, Chicago, Illinois 60606 (Attn: George N. Panagakis) and Stephen D. Williamson, 1852 West Cortland Street, Chicago, Illinois 60622, and (ii) the Office of the United States Trustee for the Northern District of Illinois, 219 South Dearborn Street, Suite 873, Chicago, IL 60605 (Attn: Steve G. Wolfe).

---

[1] The chapter 11 case of Neumann Homes, Inc. (EIN: 36-3372185) (the "Debtor") was originally jointly administered with the chapter 11 cases of NDC Fabrications, LLC (EIN: 20-3927889); Neumann Homes of Colorado, LLC (EIN: 30-0016357); Neumann Homes of Michigan, LLC (EIN: 20-0266814); Neumann Homes of Wisconsin, LLC (EIN: 13-4233135); Neu Pro Co., LLC (EIN: 20-3927922); NHI Sky Ranch, LLC (EIN: 20-2680457); Precision Framing Systems, LLC (EIN: 61-1404308); and Sky Ranch, LLC (EIN: 20-2680547), Case Nos. 07-20413 through 07-20417, and 07-21468 through 07-21470 (collectively, the "Subsidiary Debtor Cases"). However, the Subsidiary Debtor Cases have been substantively consolidated with and into the Debtor's chapter 11 case and closed.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing on the Motion will be held on **September 3, 2013 at 10:00 a.m.** (prevailing Central time) before the Honorable Eugene R. Wedoff, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Courtroom 744, Chicago, IL 60604, or before any other judge who may be sitting in his place and stead.

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.**

Dated: Chicago, Illinois
      August 12, 2013

      */s/ Stephen D. Williamson*
      Stephen D. Williamson (ARDC No. 06244130)
      1852 West Cortland Street
      Chicago, Il 60622
      (312) 403-0741

      -- and --

      George N. Panagakis (ARDC No. 06205271)
      SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP
      155 North Wacker Drive
      Chicago, Illinois 60606
      (312) 407-0700

      Co-counsel for the Liquidation Trust Administrator
      For the Neumann Homes, Inc. Liquidation Trust

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 07-20412 |
| ) | Chapter 11 |
| NEUMANN HOMES, INC., et al.,[2] ) | Hon. Eugene R. Wedoff |
| ) | |
| Debtors. ) | Objection Deadline: August 30, 2013 at 4:00 p.m. |
| ) | Hearing Date: September 3, 2013 at 10:00 am. |

**MOTION FOR FINAL DECREE AND ORDER CLOSING THE DEBTOR'S
BANKRUPTCY CASE AND GRANTING OTHER RELATED RELIEF**

Mr. William Kaye, in his capacities as the liquidation trust administrator (the "Liquidation Trust Administrator") for the Neumann Homes, Inc. Liquidation Trust (the "Liquidation Trust"), and thereby the sole officer and director of Neumann Homes, Inc. (the "Debtor"), hereby submits this motion (the "Motion") for a final decree and order, substantially in the form attached hereto as Exhibit A (the "Proposed Final Decree and Order"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Bankruptcy Rules (the "Local Bankruptcy Rules"), the Plan and the Confirmation Order (each as defined herein) closing the above-captioned bankruptcy case and granting related relief. In support of this Motion, the Liquidation Trust Administrator respectfully represents as follows:

---

[2] The chapter 11 case of Neumann Homes, Inc. (EIN: 36-3372185) (the "Debtor") was originally jointly administered with the chapter 11 cases of NDC Fabrications, LLC (EIN: 20-3927889); Neumann Homes of Colorado, LLC (EIN: 30-0016357); Neumann Homes of Michigan, LLC (EIN: 20-0266814); Neumann Homes of Wisconsin, LLC (EIN: 13-4233135); Neu Pro Co., LLC (EIN: 20-3927922); NHI Sky Ranch, LLC (EIN: 20-2680457); Precision Framing Systems, LLC (EIN: 61-1404308); and Sky Ranch, LLC (EIN: 20-2680547), Case Nos. 07-20413 through 07-20417, and 07-21468 through 07-21470 (collectively, the "Subsidiary Debtor Cases"). However, the Subsidiary Debtor Cases have been substantively consolidated with and into the Debtor's chapter 11 case and closed.

3

**BACKGROUND**

1. On November 1, 2007 (the "Initial Petition Date"), the Debtor and five of its subsidiaries and affiliates (collectively, the "Initial Debtors") each filed a voluntary petition in this Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"). On November 6, 2007, this Bankruptcy Court entered an order (the "Initial Joint Administration Order") directing the joint administration of the Initial Debtors' chapter 11 cases.

2. On November 7, 2007, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee") in the cases.

3. On November 15, 2007 (the "Subsequent Petition Date"), Neumann Homes of Michigan, LLC, NHI Sky Ranch, LLC and Sky Ranch, LLC (the "Subsequent Debtors") each filed a voluntary petition in this Bankruptcy Court for relief under chapter 11 of the Bankruptcy Code. On November 21, 2007, this Bankruptcy Court entered an order (the "Subsequent Joint Administration Order") directing the joint administration of the Subsequent Debtors' chapter 11 cases with those of the Initial Debtors (collectively, the "Chapter 11 Cases").

4. No trustee or examiner was appointed in any of the Chapter 11 Cases.

5. On February 17, 2010, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Order (the "Confirmation Order") [Docket No. 2236] confirming the Joint Plan of Liquidation of Neumann Homes, Inc. and Its Affiliated Debtors-In-Possession (the "Initial Confirmed Plan") in the Chapter 11 Case of each Debtor other than NHI Sky Ranch, LLC (Case No. 07-21469) and Sky Ranch, LLC (Case No. 07-21470) (together the "Sky Ranch Debtors"). On April 20, 2010, the Bankruptcy Court entered its Supplemental Findings of Fact, Conclusions of Law and Order (the "Supplemental Confirmation Order") [Docket No. 2315],

which (a) approves certain modifications to the Initial Confirmed Plan (the "Modifications") attached as Exhibit 1 to the Supplemental Confirmation Order and incorporated into the version of the Initial Confirmed Plan attached as Exhibit 2 to the Supplemental Confirmation Order (the "Plan"),[3] and (b) confirms the Plan in the Chapter 11 Cases of the Sky Ranch Debtors. The Plan was substantially consummated and became effective on August 20, 2010 (the "Effective Date").

6. On the Effective Date, among other things, (a) the Creditors' Committee was dissolved pursuant to and by operation of Section 7.4 of the Plan, (b) the Chapter 11 Case and Estate of each Initial Debtor and Subsequent Debtor was substantively consolidated with and into the Chapter 11 Case and Estate of the Debtor pursuant to and by operation of Section 7.1 of the Plan, (c) the Liquidation Trust Agreement became effective and William Kaye was appointed the Liquidation Trust Administrator of the Liquidation Trust pursuant to and by operation of Sections 7.4 and 13.3(a) of the Plan, and (d) the Liquidation Trust Administrator became the sole officer and director of the Debtor pursuant to and by operation of Section 7.10(c) of the Plan.

7. On September 16, 2010, pursuant to Section 7.10(a) of the Plan, the Bankruptcy Court entered orders closing the Chapter 11 Cases of all of the Initial Debtors and Subsequent Debtors, except for the Debtor (Neumann Homes, Inc., Case No. 07-20412).

## JURISDICTION

8. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[3] Capitalized terms not defined herein have the meanings set forth in the Plan.

5

9. The statutory predicates for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code. Relief is also warranted under Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1.

**RELIEF REQUESTED**

10. By this Motion, the Liquidation Trust Administrator requests that the Court enter the Proposed Final Decree and Order (i) closing the Debtor's Chapter 11 Case, and (ii) approving the termination of the Liquidation Trust effective immediately upon the Liquidation Trust Administrator certifying to the Trust Advisory Board that the Liquidation Trust has made the final distribution of Liquidation Trust Recoveries to the Liquidation Trust Beneficiaries.

11. A closing report for the Chapter 11 Case is attached hereto as Exhibit B (the "Closing Report").

**BASIS FOR RELIEF**

12. As set forth in the Plan, on the Effective Date the Liquidation Trust Agreement became effective, the Liquidation Trust was created, the Liquidation Trust Assets were transferred to the Liquidation Trust, The Liquidation Trust Advisory Board was composed, and the Liquidation Trust Administrator was appointed to administer the Liquidation Trust. Specifically, the Liquidation Trust Administrator was tasked with, among other things, (a) liquidating, or otherwise administering, the Liquidation Trust Assets, (b) resolving any Disputed Claims, and (c) making distributions to holders of Allowed General Unsecured Claims, Deferred Professional Fee Claims and any other Claimholders entitled to receive distributions from the Liquidation Trust pursuant to the Plan.

13. To that end, the Liquidation Trust Administrator liquidated the remaining Liquidation Trust Assets and has coordinated or will coordinate the filing of all requisite tax,

6

reporting, and other similar requirements in connection with the Debtor and the Liquidation Trust. The Liquidation Trust Administrator has also resolved any Disputed Claims that were not otherwise resolved by the Debtors prior to the Effective Date.

14. The Liquidation Trust's final act shall be to make the final distribution of approximately $400,000, which will be distributed in accordance with the Plan and the Liquidation Trust Agreement. The Liquidation Trust will make such final distribution promptly after the Court enters an Order granting this Motion.

15. Local Bankruptcy Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of distributions and payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Status of Distributions and Payments |
|---|---|
| Class 1-A (Bank of America Secured Claims) Class 1-B (Cole Taylor Secured Claims) Class 1-C (Comerica Secured Claims) Class 1-D (First Midwest Secured Claims) Class 1-E (Guaranty Bank Secured Claims) Class 1-F (IndyMac Secured Claims) Class 1-G (RBC Secured Claims) Class 1-H (RFC Secured Claims) | Each holder of a Class 1 Secured Claim has received the return of its Collateral pursuant to Sections 5.1(a) – 5.1(h) of the Plan. |
| Class 2 (Other Secured Claims) | All Other Secured Claims were reinstated on the Effective Date pursuant to Section 5.1(i) of the Plan. |
| Class 3 (Non-Tax Priority Claims) | All Allowed Non-Tax Priority Claim have received Cash equal to the amount of such Allowed Claim pursuant to Section 5.1(j). |
| Class 4 (General Unsecured Claims) | Full and final distribution of Liquidation Trust Recoveries to be made upon issuance of final decree pursuant to Section 5.2(a) of the Plan. |

7

| | |
|---|---|
| Class 5 (Old Equity Interests, Affiliate Interests, and Subordinated Claims) | Pursuant to Section 5.2(b) of the Plan, Old Equity Interests and Affiliate Interests were cancelled, and Holders of such Interests and Holders of Subordinated Claims neither received nor retained any property on account of such Interests or Claims. |

16. Other than the final distribution of Liquidation Trust Recoveries to Liquidation Trust Beneficiaries, there is no remaining material activity for the Liquidation Trust. Consequently, the Plan has been substantially consummated.

17. Accordingly, the Liquidation Trust Administrator requests that the Court (i) close the Debtor's Chapter 11 Case, and (ii) approve the termination of the Liquidation Trust effective immediately upon the Liquidation Trust Administrator certifying to the Trust Advisory Board that the Liquidation Trust has made the final distribution of Liquidation Trust Recoveries to Liquidation Trust Beneficiaries.[4]

18. The Proposed Final Decree and Order will relieve the Court, the United States Trustee (the "UST"), and the Liquidation Trust Administrator of the administrative burdens relating to the Chapter 11 Case, and to allow the Liquidation Trust to avoid incurring further quarterly fees under 28 U.S.C. § 1930 for the Chapter 11 Case without receiving any corresponding benefit.

19. Section 350(a) of the Bankruptcy Code provides that the Court shall close a case after the estate has been fully administered. 11 U.S.C. § 350(a). Bankruptcy Rule 3022 further provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case,

---

[4] Pursuant to Section 13.4 of the Liquidation Trust Agreement, upon certification by the Liquidation Trust Administrator that the Liquidation Trust has made the final distribution of Liquidation Trust Recoveries to Liquidation Trust Beneficiaries, "the members of the Trust Advisory Board shall resign their positions, whereupon they shall be discharged from further duties and responsibilities."

the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

20. The 1991 Advisory Committee's note to Bankruptcy Rule 3022 lists the following factors to be considered in determining whether a case has been fully administered:

(a) whether the order confirming the plan of reorganization has become final;

(b) whether deposits required by the plan of reorganization have been distributed;

(c) whether property proposed by the plan of reorganization to be transferred has in fact been transferred;

(d) whether the debtor has assumed the business addressed by the plan of reorganization;

(e) whether payments under the plan of reorganization have commenced; and

(f) whether all motions, contested matters and adversary proceedings have been finally resolved.

See Fed. R. Bank. P. 3022, Advisory Committee Note (1991). These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. See In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

21. Courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In re BankEast Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assoc. v. Saidel, 164 B.R. 487, 492 (E.D. Pa. 1994). Section 1101(2) defines substantial consummation as follows:

  (a) transfer of all or substantially all of the property proposed by the plan to be transferred;

  (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

  (c) commencement of distributions under the plan.

  22. The chapter 11 case of the above-captioned Debtor has been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the case. Specifically, (a) the Confirmation Order is final and non-appealable; (b) there are no unresolved motions, contested matters, or adversary proceedings pending in the Chapter 11 Case; (c) all property required to be transferred pursuant to the Plan has been transferred; and (d) other than the final distribution of Liquidation Trust Recoveries (which will be made promptly after the Court enters an Order granting this Motion), all distributions required to be made pursuant to the Plan have been made. In addition, all claims to which the Debtor or the Liquidation Trust Administrator objected have been either (1) disallowed or (2) settled and paid. Lastly, the UST holds a sufficient credit balance with respect to the Debtor's Chapter 11 Case to satisfy any fees due under 28 U.S.C. § 1930.

  23. Under the circumstances, closing the Chapter 11 Case is also an appropriate exercise of the Court's equitable powers under section 105 of the Bankruptcy Code, which provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Closing the Chapter 11 Case will relieve the Court, the UST, and the Liquidation Trust Administrator of the burden of continuing to monitor and/or administer the Chapter 11 Case. In addition, the relief sought herein will spare the Liquidation Trust from incurring unnecessary expenses, including quarterly fees under 28 U.S.C. § 1930, in connection with the Chapter 11 Case. See In re A.H.

Robins Co., Inc., 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid ad infinitum.").

24. The Plan and the Liquidation Trust Agreement also provide for and contemplate the relief requested herein. Section 7.11 of the Plan provides:

> When all Disputed Claims Filed against the Debtors have become Allowed Claims or have been disallowed, and all remaining assets of the Debtors have been liquidated and converted into Cash (other than those assets abandoned by the Debtors), and such Cash has been distributed in accordance with this Plan, or at such earlier time as the Debtors deem appropriate, the Debtors shall seek authority from the Bankruptcy Court to close the Neumann Homes Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

25. Article VIII of the Liquidation Trust Agreement provides that the Liquidation Trust "shall continue until the earlier of (i) the date that termination of the Liquidation Trust is approved by the Bankruptcy Court after distribution of all of the Liquidation Trust Recoveries, or (ii) the date that is five (5) years from the Effective Date unless extended."

26. The Liquidation Trust Administrator submits that the Chapter 11 Case has been fully administered and that, in accordance with the Plan, the Liquidation Trust Agreement, and the Bankruptcy Code, the Court should enter the Proposed Final Decree and Order (i) closing the Chapter 11 Case pursuant to section 350 of the Bankruptcy Code, and (ii) terminating the Liquidation Trust effective immediately upon the Liquidation Trust Administrator certifying to the Trust Advisory Board that the Liquidation Trust has made the final distribution of Liquidation Trust Recoveries to the Liquidation Trust Beneficiaries.

## NOTICE

27. Consistent with Local Bankruptcy Rule 3022-1, notice of this Motion has been given to the U.S. Trustee and all creditors. The Liquidation Trust Administrator submits that, under the circumstances, no other or further notice is necessary.

WHEREFORE, the Liquidation Trust Administrator respectfully requests entry of the Proposed Final Decree and Order, and such other further relief as is just and proper.

Dated: Chicago, Illinois
August 12, 2013

*/s/ Stephen D. Williamson*
Stephen D. Williamson (ARDC No. 06244130)
1852 West Cortland Street
Chicago, Il 60622
(312) 403-0741

-- and --

George N. Panagakis (ARDC No. 06205271)
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

Co-counsel for the Liquidation Trust Administrator
For the Neumann Homes, Inc. Liquidation Trust

**Exhibit A**

**Proposed Final Decree and Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 07-20412 |
| | ) |
| NEUMANN HOMES, INC., et al.,[5] | ) Chapter 11 |
| | ) |
| Debtors. | ) Hon. Eugene R. Wedoff |

**ORDER GRANTING FINAL DECREE
CLOSING THE DEBTOR'S CHAPTER 11 BANKRUPTCY CASE**

Upon the motion (the "Motion")[6] of the liquidation trust administrator (the "Liquidation Trust Administrator") for the Neumann Homes, Inc. Liquidation Trust (the "Liquidation Trust") for a final decree and order (i) closing the above-captioned chapter 11 case (the "Chapter 11 Case") of Neumann Homes, Inc. (the "Debtor"), and (ii) approving the termination of the Liquidation Trust effective immediately after the Liquidation Trust Administrator certifies that the Liquidation Trust has made the final distribution of Liquidation Trust Recoveries to Liquidation Trust Beneficiaries; and it appearing that the Debtor's estate has been fully administered and that all transfers of property and distributions required to be made by the Plan have been made (or will be made promptly after entry of this Order); and the Liquidation Trust Administrator having submitted the Closing Report (as defined in the Motion); and the Court having considered the record of the proceedings in the Chapter 11 Case; and good and sufficient notice of the relief requested in the Motion having been given; and it appearing

---

[5] The chapter 11 case of Neumann Homes, Inc. (EIN: 36-3372185) (the "Debtor") was originally jointly administered with the chapter 11 cases of NDC Fabrications, LLC (EIN: 20-3927889); Neumann Homes of Colorado, LLC (EIN: 30-0016357); Neumann Homes of Michigan, LLC (EIN: 20-0266814); Neumann Homes of Wisconsin, LLC (EIN: 13-4233135); Neu Pro Co., LLC (EIN: 20-3927922); NHI Sky Ranch, LLC (EIN: 20-2680457); Precision Framing Systems, LLC (EIN: 61-1404308); and Sky Ranch, LLC (EIN: 20-2680547), Case Nos. 07-20413 through 07-20417, and 07-21468 through 07-21470 (collectively, the "Subsidiary Debtor Cases"). However, the Subsidiary Debtor Cases have been substantively consolidated with and into the Debtor's chapter 11 case and closed.

[6] Capitalized terms not defined herein have the meanings set forth in the Motion.

that no other or further notice need be given; and after due consideration and sufficient cause appearing therefore, it is hereby

ORDERED, DECREED, AND ADJUDGED THAT:

1. Pursuant to Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1, the Debtor's case, No. 07-20412, is hereby closed.

2. The Clerk of the Court shall enter this final decree and order (the "Final Decree and Order") on the docket of the Chapter 11 Case and such docket thereafter shall be marked as closed.

3. Within seven (7) days of the entry of this Final Decree and Order, the Liquidation Trust Administrator shall submit to the Office of the United States Trustee a statement of disbursements made (and the amount of payment owed under 28 U.S.C. § 1930 with respect to such disbursements) for the period since the last payment of quarterly fees to the Office of the United States Trustee through the date this Final Decree and Order is entered.

4. The Liquidation Trust is hereby terminated effective as of the date on which the Liquidation Trust Administrator certifies to the Liquidation Trust Advisory Board that the Liquidation Trust has made the final distribution of Liquidation Trust Recoveries to the Liquidation Trust Beneficiaries.

5. Immediately after the termination of the Liquidation Trust is effective pursuant to this Final Decree and Order, the Liquidation Trust Administrator is hereby relieved from all further duties, obligations, or responsibilities, if any.

6. This Final Decree and Order is without prejudice to the rights of the Debtor or any other party in interest to seek to reopen the Chapter 11 Case for good cause shown.

7. This Court shall retain jurisdiction (a) with respect to all matters arising from or related to the implementation or interpretation of this Final Decree and Order and (b) to enforce or interpret its own orders pertaining to the Chapter 11 Case.

8. Notwithstanding any stay that might be applicable to this Final Decree and Order, this Final Decree and Order shall be effective and enforceable immediately upon entry hereof.

Dated: Chicago, Illinois
_____, 2013

_____
UNITED STATES BANKRUPTCY JUDGE
The Honorable Eugene R. Wedoff

**Exhibit B**

**Closing Report**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 07-20412 |
| | ) | |
| NEUMANN HOMES, INC., et al.,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Hon. Eugene R. Wedoff |

**CLOSING REPORT IN CHAPTER 11 CASE**

To the best of my knowledge and belief, the following is a breakdown in the above-captioned Chapter 11 Case[2] of the Debtor:

**Section 1.**

$418,226[3]    FEES AND DISBURSEMENTS FOR ATTORNEY FOR DEBTOR

N/A[4]         TRUSTEE FEE (if applicable)

---

[1]  The chapter 11 case of Neumann Homes, Inc. (EIN: 36-3372185) (the "Debtor") was originally jointly administered with the chapter 11 cases of NDC Fabrications, LLC (EIN: 20-3927889); Neumann Homes of Colorado, LLC (EIN: 30-0016357); Neumann Homes of Michigan, LLC (EIN: 20-0266814); Neumann Homes of Wisconsin, LLC (EIN: 13-4233135); Neu Pro Co., LLC (EIN: 20-3927922); NHI Sky Ranch, LLC (EIN: 20-2680457); Precision Framing Systems, LLC (EIN: 61-1404308); and Sky Ranch, LLC (EIN: 20-2680547), Case Nos. 07-20413 through 07-20417, and 07-21468 through 07-21470 (collectively, the "Subsidiary Debtor Cases"). However, the Subsidiary Debtor Cases have been substantively consolidated with and into the Debtor's chapter 11 case and closed.

[2]  Capitalized terms not defined herein have the meaning set forth in the Motion for Final Decree and Order Closing the Debtor's Bankruptcy Case (the "Motion") to which this Closing Report is attached.

[3]  The amount indicated herein as "FEES AND DISBURSEMENTS FOR ATTORNEY FOR DEBTOR" represents the total amount of fees and disbursements that the Debtor has actually paid to Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") for its services as the Debtor's bankruptcy counsel during the Case Period (as defined in the Final Compensation Order (as defined below), and as approved by this Court pursuant to its Order Granting First and Final Fee Application of Skadden, Arps, Slate, Meagher & Flom LLP as Counsel to the Debtor, Seeking Final Allowance and Payment of Compensation for Services Rendered and Reimbursement of Charges (the "Final Compensation Order"). Subject to approval of the Motion, Skadden has agreed to waive its fees for services rendered after the Effective Date as counsel to the Liquidation Trust Administrator.

[4]  Prior to the Effective Date, the Debtor operated its business and managed its properties as debtor in possession under sections 1107 and 1108 of the Bankruptcy Code, and as such no trustee was appointed in the Chapter 11 Case.

| | |
|---|---|
| N/A | FEE FOR ATTORNEY FOR TRUSTEE (if applicable) |
| $4,326,983 | DISBURSEMENTS PAID UNDER THE PLAN TO DATE |
| Approximately $450,000[5] | FUTURE DISBURSEMENTS TO BE MADE |

**Section 2.** STEPS TAKEN TO CONSUMMATE PLAN:

The Confirmation Order is final and, on August 20, 2010 (the "Effective Date"), the Plan was substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code. Since the Effective Date, the Liquidation Trust Administrator has: resolved all disputed proofs of claim; transferred all property required under the Plan; made all distributions required under the Plan (other than the final distribution of Liquidation Trust Recoveries to Liquidation Trust Beneficiaries, which will be made shortly after an Order is entered granting the Motion); paid all necessary fees to the UST; and paid all outstanding approved professional fees pursuant to the Final Compensation Order. The distributions and payments made under the Plan are further described in the Motion.

Dated: Chicago, Illinois  
August 12, 2013

NEUMANN HOMES. INC. LIQUIDATION TRUST

By: _/s/ William Kaye_
William Kaye
Liquidation Trust Administrator

---

[5] The final distribution of Liquidation Trust Recoveries to Liquidation Trust Beneficiaries will be made promptly after the Court enters an Order granting the Motion.