IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 07-20412 |
| | ) |
| NEUMANN HOMES, INC., et al.,[10] | ) Chapter 11 |
| | ) |
| Debtors. | ) Hon. Eugene R. Wedoff |

**ORDER APPROVING FINAL DISTRIBUTIONS TO HOLDERS
OF ALLOWED GENERAL UNSECURED CLAIMS, AUTHORIZING
TREATMENT OF DE-MINIMIS DISTRIBUTIONS AND A SUPPLEMENTAL
DISTRIBUTION PROCEDURE, AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[11] of the liquidation trust administrator (the "Liquidation Trust Administrator") for the Neumann Homes, Inc. Liquidation Trust (the "Liquidation Trust") for an order (i) approving a single full and final distribution to holders of Allowed General Unsecured Claims (the "Final Distribution") as set forth in the register attached hereto as Schedule 1 (the "Final Distribution Register"), (ii) authorizing the Liquidation Trust Administrator, in his capacity as Disbursing Agent under the Plan, to make the Final Distribution subject to (a) the proposed treatment of distributions in amounts less than $5.00 ("De-minimis Distributions") set forth herein and (b) a supplemental distribution procedure set forth herein (the "Supplemental Distribution Procedure"), (iii) approving the form and manner of notice of the Motion, including the proposed Final Distribution, the treatment of De-minimis Distributions and the Supplemental Distribution Procedure, and (iv) granting certain related relief requested

---

[10] The chapter 11 case of Neumann Homes, Inc. (EIN: 36-3372185) (the "Debtor") was originally jointly administered with the chapter 11 cases of NDC Fabrications, LLC (EIN: 20-3927889); Neumann Homes of Colorado, LLC (EIN: 30-0016357); Neumann Homes of Michigan, LLC (EIN: 20-0266814); Neumann Homes of Wisconsin, LLC (EIN: 13-4233135); Neu Pro Co., LLC (EIN: 20-3927922); NHI Sky Ranch, LLC (EIN: 20-2680457); Precision Framing Systems, LLC (EIN: 61-1404308); and Sky Ranch, LLC (EIN: 20-2680547), Case Nos. 07-20413 through 07-20417, and 07-21468 through 07-21470 (collectively, the "Subsidiary Debtor Cases"). However, the Subsidiary Debtor Cases have been substantively consolidated with and into the Debtor's chapter 11 case and closed.

[11] Capitalized terms not defined herein have the meanings set forth in the Motion.

herein.; and the Court having considered the record of the proceedings in the Chapter 11 Case; and good and sufficient notice of the relief requested in the Motion having been given; and it appearing that no other or further notice need be given; and after due consideration and sufficient cause appearing therefore, it is hereby

ORDERED, DECREED, AND ADJUDGED THAT:

1. The motion is granted.

2. The form of notices attached to the Motion as Exhibits B, C and D, and the manner of providing notice regarding the Motion, including the Final Distribution, the treatment of De-minimis Distributions and the Supplemental Distribution Procedure, set forth in the Motion is sufficient and proper, and that no further notice is necessary.

3. The Final Distribution and the Final Distribution Register are approved.

4. The Liquidation Trust Administrator, in his capacity as Disbursing Agent under the Plan, shall distribute the Liquidation Trust Recoveries net of Liquidation Trust Expenses (the "Distributable Trust Recoveries") in accordance with the Final Distribution Register, subject to the treatment of De-minimis Distributions and the Supplemental Distribution Procedure set forth herein.

5. The Holders of Allowed General Unsecured Claims projected to receive a De-minimis Distribution, as set forth in the Final Distribution Register, shall be ineligible to receive the De-minimis Distributions, which shall be redistributed as set forth herein to Holders of Allowed General Unsecured Claims projected to receive Final Distributions that are not De-minimis Distributions.

6. The Holders of Allowed General Unsecured Claims projected to receive Final Distributions that are not De-minimis Distributions, as set forth in the Final Distribution

Register, shall return a completed IRS Form W-8 or W-9 so that it is <u>received by</u> the Liquidation Trust Administrator no later than September 30, 2013 (the "Tax Form Deadline").

7. The Allowed General Unsecured Claims of Holders for which the Liquidation Trust Administrator does not either (a) receive a completed IRS Form W-8 or W-9 by the Tax Form Deadline, or (b) otherwise have a TIN and an adequate basis for exemption from backup withholding (together, the "Non-Complying Creditors") are disallowed solely for purposes of receiving their Final Distribution and the Non-Complying Creditors shall not be eligible to receive their Pro Rata share of the Distributable Trust Recoveries (the "Forfeited Distributions").

8. The Liquidation Trust Administrator shall distribute (a) the Distributable Trust Recoveries and (b) the Forfeited Distributions on a Pro Rata basis to Holders of Allowed General Unsecured Claims, as set forth in the Final Distribution Register, projected in the Final Distribution Register to receive Final Distributions that are not De-minimis Distributions for which the Liquidation Trust Administrator either (i) receives a completed IRS Form W-8 or W-9 by the Tax Form Deadline, or (ii) otherwise has a TIN and an adequate basis for exemption from backup withholding (together, the "Complying Creditors").

9. Any Final Distribution checks that are (i) returned in the mail as undeliverable, (ii) not negotiated by the recipient within ninety (90) days of issuance, or (iii) voluntarily returned by the claimant shall be deemed undeliverable distributions and shall revert to the Liquidation Trust, free and clear of any restrictions thereon and notwithstanding Section 9.6 of the Plan or any federal or state escheat laws to the contrary. Any undeliverable distributions received by the Liquidation Trust pursuant to this paragraph shall be used solely by the Liquidation Trust to satisfy outstanding Liquidation Trust Expenses, if any, or donated to a

3

nationally recognized charity chosen by and unaffiliated with the Liquidation Trust Administrator if all Liquidation Trust Expenses have been satisfied.

10. It shall be unnecessary for the Liquidation Trust Administrator to file any additional objections to any late claims filed after the applicable bar date set by order of this Bankruptcy Court.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order

12. Notwithstanding any stay that might be applicable, this Order shall be effective and enforceable immediately upon entry hereof.

Dated: Chicago, Illinois
_____, 2013

_____
UNITED STATES BANKRUPTCY JUDGE
The Honorable Eugene R. Wedoff