IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 07-20412 |
| | ) |
| NEUMANN HOMES, INC., et al.,[1] | ) Chapter 11 |
| | ) |
| Debtors. | ) Hon. Eugene R. Wedoff |

## ORDER GRANTING FINAL DECREE
## CLOSING THE DEBTOR'S CHAPTER 11 BANKRUPTCY CASE

Upon the motion (the "Motion")[2] of the liquidation trust administrator (the "Liquidation Trust Administrator") for the Neumann Homes, Inc. Liquidation Trust (the "Liquidation Trust") for a final decree and order (i) closing the above-captioned chapter 11 case (the "Chapter 11 Case") of Neumann Homes, Inc. (the "Debtor"), and (ii) approving the termination of the Liquidation Trust effective immediately after the Liquidation Trust Administrator certifies that the Liquidation Trust has made the final distribution of Liquidation Trust Recoveries to Liquidation Trust Beneficiaries; and it appearing that the Debtor's estate has been fully administered and that all transfers of property and distributions required to be made by the Plan have been made (or will be made promptly after entry of this Order); and the Liquidation Trust Administrator having submitted the Closing Report (as defined in the Motion); and the Court having considered the record of the proceedings in the Chapter 11 Case; and good and sufficient notice of the relief requested in the Motion having been given; and it appearing

---

[1] The chapter 11 case of Neumann Homes, Inc. (EIN: 36-3372185) (the "Debtor") was originally jointly administered with the chapter 11 cases of NDC Fabrications, LLC (EIN: 20-3927889); Neumann Homes of Colorado, LLC (EIN: 30-0016357); Neumann Homes of Michigan, LLC (EIN: 20-0266814); Neumann Homes of Wisconsin, LLC (EIN: 13-4233135); Neu Pro Co., LLC (EIN: 20-3927922); NHI Sky Ranch, LLC (EIN: 20-2680457); Precision Framing Systems, LLC (EIN: 61-1404308); and Sky Ranch, LLC (EIN: 20-2680547), Case Nos. 07-20413 through 07-20417, and 07-21468 through 07-21470 (collectively, the "Subsidiary Debtor Cases"). However, the Subsidiary Debtor Cases have been substantively consolidated with and into the Debtor's chapter 11 case and closed.

[2] Capitalized terms not defined herein have the meanings set forth in the Motion.

that no other or further notice need be given; and after due consideration and sufficient cause appearing therefore, it is hereby

ORDERED, DECREED, AND ADJUDGED THAT:

1. Pursuant to Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1, the Debtor's case, No. 07-20412, is hereby closed.

2. The Clerk of the Court shall enter this final decree and order (the "Final Decree and Order") on the docket of the Chapter 11 Case and such docket thereafter shall be marked as closed.

3. Within seven (7) days of the entry of this Final Decree and Order, the Liquidation Trust Administrator shall submit to the Office of the United States Trustee a statement of disbursements made (and the amount of payment owed under 28 U.S.C. § 1930 with respect to such disbursements) for the period since the last payment of quarterly fees to the Office of the United States Trustee through the date this Final Decree and Order is entered.

4. The Liquidation Trust is hereby terminated effective as of the date on which the Liquidation Trust Administrator certifies to the Liquidation Trust Advisory Board that the Liquidation Trust has made the final distribution of Liquidation Trust Recoveries to the Liquidation Trust Beneficiaries.

5. Immediately after the termination of the Liquidation Trust is effective pursuant to this Final Decree and Order, the Liquidation Trust Administrator is hereby relieved from all further duties, obligations, or responsibilities, if any.

6. The services of Epiq Bankruptcy Solutions, LLC (the "Claims Agent") in this case are hereby discharged and terminated. The Claims Agent shall return to the Clerk of

Court originals of all claims, the final claims register and any reports that may be required by the Bankruptcy Court.

7.  This Final Decree and Order is without prejudice to the rights of the Debtor or any other party in interest to seek to reopen the Chapter 11 Case for good cause shown.

8.  This Court shall retain jurisdiction (a) with respect to all matters arising from or related to the implementation or interpretation of this Final Decree and Order and (b) to enforce or interpret its own orders pertaining to the Chapter 11 Case.

9.  Notwithstanding any stay that might be applicable to this Final Decree and Order, this Final Decree and Order shall be effective and enforceable immediately upon entry hereof.

Dated: Chicago, Illinois
September 3, 2013

_____
UNITED STATES BANKRUPTCY JUDGE
The Honorable Eugene R. Wedoff